IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

vs.                                             CASE NO.: 4:05cr15-SPM

LYNN YUE,

        Defendant.

_____/

## ORDER DENYING MOTION FOR REVOCATION OF DETENTION ORDER

Pending before the Court is Defendant Lynn Yue's Motion for Revocation of Detention Order (doc. 13), to which the Government has filed a written response (doc. 17).  Defendant contends that the Magistrate Judge erred when he detained her, at least in part, on the basis of dangerousness because her case does not meet a condition of Title 18, United States Code, Section 3142(f)(1).  Defendant also argues that there are conditions of release that would reasonably assure her appearance and that therefore she must be released. Having carefully considered the written arguments of the parties and the record of the detention hearing pursuant to Title 18, United States Code, Section 3145(b), the Court finds that the Magistrate Judge considered all appropriate factors and that pretrial detention is necessary in this case.

**DISCUSSION**

Several statutory provisions are involved in determining the issue of bail

and detention.  Among these is Title 18, United States Code, Section 3142(f),

which lists six types of cases in which a detention hearing must be held.[1]  The

authority to hold a detention hearing is limited by related provisions to only the

---

[1]  Section 3142(f) provides in relevant part:

**(f) Detention Hearing.**–The judicial officer shall hold a hearing to determine whether any condition or combination of conditions as set forth in subsection (c) of this section will reasonably assure the appearance of such person as required and the safety of the community–

> **(1)** upon motion of the attorney for the Government, in a case that involves–

>> **(A)** a crime of violence, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

>> **(B)** an offense for which the maximum sentence is life imprisonment or death;

>> **(C)** an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or the Maritime Drug Law Enforcement Act (46 U.S.C. App. 1901 et seq.), or

>> **(D)** any felony if such person has been convicted of two or more offenses described in subparagraphs (A) through (C) of this paragraph, or tow or more State or local offenses that would have been offenses described in subparagraphs (A) through (C) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; or

> **(2)** Upon motion of the attorney for the Government or upon the judicial officer's own motion, in a case that involves–

>> **(A)** a serious risk that such person will flee; or

>> **(B)** a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.

types of cases listed in 3142(f).  <u>See</u> 18 U.S.C. § 3142(a)[2] and (e)[3].  Taken

together, the provisions authorize detention only after a hearing pursuant to

3142(f) and such a hearing is authorized, and mandatory, only for cases meeting

the requirements of 3142(f).  In all other cases, the defendant must be released

upon first appearance or, in limited circumstances, temporarily detained to permit

revocation of conditional release, deportation, or exclusion.  18 U.S.C. § 3142(a).

Section 3142(f) lists six categories of cases where a detention hearing is

authorized.  Under subsection (1) of 3142(f), a detention hearing must be held on

motion by the Government in cases involving:

1.  certain violent offenses,

---

[2]  Section 3142(a) lists the four options available for release or detention
upon first appearance.  It states:
  **(a) In general.**–Upon the appearance before a judicial officer of a person
charged with an offense, the judicial officer shall issue an order that, pending
trial, the person be–
      **(1)** released on personal recognizance or upon execution of an
      unsecured appearance bond, under subsection (b) of this section:
      **(2)** released on a condition or combination of conditions under
      subsection (c) of this section:
      **(3)** temporarily detained to permit revocation of conditional release,
      deportation, or exclusion under subsection (d) of this section; or
      **(4)** detained under subsection (e) of this section.

[3]  Section 3142(e) provides in relevant part:
  **(e) Detention.**–If, after a hearing pursuant to the provisions of subsection(f) of
this section, the judicial officer finds that no condition or combination of
conditions will reasonably assure the appearance of the person as required and
the safety of the community, such judicial officer shall order the detention of the
person before trial.

CASE NO.: 4:05cr15-SPM

    2.  offenses with a maximum sentence of life imprisonment or death,

    3.  certain drug offenses, or

    4.  any felony offense if the defendant has been convicted of two or more

        offenses that fall within categories 1-3 above.

Under subsection (2) of 3142(f), a detention hearing must be held, either on

motion by the Government or on the Court's on motion, in any case where:

    5.  the defendant poses a serious risk of flight, or

    6.  the defendant poses a serious risk of obstruction of justice.

Notably absent from the six categories is a specific reference to persons

presenting a danger to the community or to another person.

      Danger is noted in other statutory provisions that a judicial officer must

follow in determining whether a defendant should be detained or released.

Specifically, section 3142(e) requires that the defendant be detained if the judicial

officer finds that "no condition or combination of conditions will reasonably assure

the appearance of the person as required <u>and the safety of any other person and

the community</u>."  18 U.S.C. § 3142(e) (emphasis supplied).  Section 3142(g)

further provides that "in determining whether there are conditions of release that

will reasonably assure the appearance of the person as required <u>and the safety

of any other person and the community</u>, [the judicial officer shall] take into

account . . . <u>the nature and seriousness of the danger to any person or the

community that would be posed by the person's release</u>."  18 U.S.C. § 3142(g)

(emphasis supplied).

The statutory provisions, taken together, present a complicated scheme for considering dangerousness as a basis for detention.  Although the proper treatment of dangerousness is at issue between Defendant and the Government, both sides agree on at least two things.  First, a detention hearing under 3142(f) must take place before detention can be ordered under 3142(a).  Second, dangerousness is not a basis for holding a detention hearing under 3142(f).

The parties disagree on whether there are limitations on consideration of dangerousness once a condition for granting a hearing under 3142(f) is satisfied. The Government takes the position that dangerousness is a legitimate factor to consider so long as the Defendant proves any of the six circumstances listed in 3142(f)(1) or (2).  Defendant, on the other hand, contends that dangerousness is a legitimate factor only upon proof of one of the first four circumstances listed under 3142(f)(1).

In support of her position, Defendant relies on cases from various United States Circuit Courts of Appeal, since there are no cases from the Eleventh Circuit addressing the issue.  In the cases, detention orders based on dangerousness were reversed where the defendants did not fall within one of the first four categories of 3142(f)(1), and the defendants did not pose a serious risk of flight under 3142(f)(2)(A) or a serious risk of obstructing justice under 3142(f)(2)(B).  United States v. Himler, 797 F.2d 156, 160 (3d Cir. 1986); United

CASE NO.: 4:05cr15-SPM

States v. Ploof, 851 F.2d 7, 11-12 (1st Cir. 1988); United States v. Byrd, 969 F.2d 106, 109-110 (5th Cir. 1992).  Implicit in the decisions is a recognition that danger to the community is subsumed within the first four categories listed in 3142(f)(1).  See United States v. Salerno, 481 U.S. 739, 747 (pretrial detention under the Bail Reform Act is not excessive in relation to the legitimate regulatory goal of preventing danger to the community because the circumstances under which detention may be sought is limited to "the most serious of crimes."); Himler, 797 F.2d at 159-160 (statutorily specified crimes for detention hearing reflect "dangerousness in a very real sense").  Therefore, to the extent dangerousness is a basis for holding a detention hearing, that dangerousness must be manifest by the serious crimes listed in 3142(f)(1).  Dangerousness on its own is not a basis for ordering a detention hearing.

Based on these cases, Defendant contends that dangerousness cannot be considered whatsoever when ordering detention in cases that do not fall within 3142(f)(1).  The holdings in the cases, however, do not go so far.  In all of the cases where detention orders were reversed, detention was based solely upon the risk of danger to the community.  Danger by itself, however, does not even authorize holding a detention hearing, which is a prerequisite to a valid order of detention.  18 U.S.C. §§ 3142(f) and (a).  At least one of the circumstances triggering a detention hearing, either under 3142(f)(1) or (2), must be present for a detention hearing and subsequent detention order.  No such

CASE NO.: 4:05cr15-SPM

circumstances were present in any of the cases cited, so the detention orders were invalid on that basis alone.

Although there are broad statements in the <u>Himler</u> case that can be taken to support Defendant's position[4], the <u>Himler</u> court nevertheless recognized that Himler did not present a serious risk of obstruction of justice under 3142(f)(2)(B). <u>Himler</u>, 797 F.2d at 160.  The court also recognized that the district court made no finding of risk of flight to justify a hearing under 3142(f)(2)(A).  <u>Id.</u>  After reviewing the matter on its own, the court found no risk of flight that would warrant detention.  <u>Id.</u> at 160-162.  In making this finding, the court noted that it was "guided by the factors set forth in <u>Section 3142(g).</u>"  The court did not expressly acknowledge or repudiate consideration of "the nature and seriousness of the danger to any person or the community that would be posed by the person's release[,]" which is a factor listed in 3142(g)(4).

The interplay between the circumstances required for a hearing under 3142(f) and the factors to consider in determining whether release conditions can be fashioned under 3142(g), specifically with regard to dangerousness, can be

---

[4] "Therefore it is reasonable to interpret the statute as authorizing detention only upon proof of a likelihood of flight, threatened obstruction of justice or <u>danger of recidivism in one or more of the crimes actually specified by the bail statute</u>."  <u>Himler</u>, 797 F.2d at 160 (emphasis supplied).  "Accordingly, we hold that the statute does not authorize detention of the defendant based on danger to the community from the likelihood that he will if released commit another offense involving false identification.  Any danger which [defendant] may present to the community may only be considered in setting conditions of release."  <u>Id.</u>

harmonized.

> Once a judicial officer determines that a detention hearing is
> warranted, the concept of danger to the community resurfaces.
> Section 3142(g) sets forth the factors to be considered by the court
> in deciding the propriety of detention.  One of those factors is "the
> nature and seriousness of the danger to any person or the
> community that would be posed by the person's release."  18
> U.S.C. § 3142(g)(4).  While at first blush this appears to create the
> classic giveth/taketh away situation, such is not the case.  The
> factors set forth in § 3142(g) come into play only after the
> government has met the initial burden of satisfying the
> requirements of § 3142(f)(1) or (f)(2).  It is certainly reasonable that
> a judicial officer consider the community in evaluating whether
> there are appropriate conditions of release.

United States v. Butler, 165 F.R.D. 68, 71 (N.D. Ohio 1996).  This interpretation

is consistent with the case law holding that dangerousness, without more, cannot

justify an order of detention for the simple reason that dangerousness is not a

basis for holding a detention hearing.  The interpretation is also consistent with

the plain language of the statute, which generally controls.  United States v. Ron

Pair Enterprises, Inc., 489 U.S. 235, 242 (1989) ("The plain meaning of

legislation should be conclusive, except in the 'rare cases [in which] the literal

application of a statue will produce a result demonstrably at odds with the

intentions of its drafters.'").

    Under the plain language of the statute, dangerousness, except as

reflected in the offenses listed in § 3142(f)(1), cannot justify holding a detention

hearing.  Once, however, the burden is met to show that a detention hearing is

warranted based on any of the circumstances listed in § 3142(f)(1) or (f)(2),

CASE NO.: 4:05cr15-SPM

dangerousness is a factor that the judicial officer must consider under § 3142(g) in determining whether defendant should be detained or whether appropriate conditions can be fashioned for release.

The magistrate judge, when conducting the hearing in the instant case, understood that the Government had the burden of showing that a detention hearing was warranted on grounds other than dangerousness.[5]  The evidence presented to the magistrate judge was sufficient to show that Defendant presented a serious risk of flight, so as to justify holding a detention hearing under § 3142(f)(2)(A).

In particular, the evidence showed that Defendant had not complied with previous court orders, as demonstrated by her possession of Tylenol #3 and the new criminal charges she incurred after being admitted to drug court in Leon County.  The evidence also showed that Defendant is seriously addicted to

––––––––––––––––––––

[5]  See Doc. 10, Transcript of Detention Hearing Before the Honorable William Sherrill, United States Magistrate Judge, April 8, 2005, at p. 3:

THE COURT:  But this is not a danger to the community situation; is that correct?
MS. RHEW: There will be evidence introduced of that, which I think should be considered by the court on bond conditions, so –
THE COURT: But that's not the premise of the –
MS. RHEW: The basis for moving is that there are no conditions or combinations of conditions that would assure the defendant's appearance based on her past history and some evidence of obstruction of justice and the risk thereof.
THE COURT: All right.  You may proceed, and I'll sort it out.

prescription medication.  Defendant has gone to great means to unlawfully obtain medications and to continue using them, despite the inevitable consequences. Addiction gives Defendant a strong motive to flee from the charges in this case, and Defendant's demonstrated skill at deception provides her with the ability to do so.  The Court finds, therefore, that Defendant meets the circumstances of § 3241(f)(2)(A), so as to warrant a detention hearing.

In determining whether a detention order was warranted in this case, the Magistrate Judge appropriately considered the factors set forth in § 3142(g), including the danger Defendant would pose to any person or the community if she were released.  This danger included the likelihood that Defendant would continue using unlawful substances and continue committing frauds.  It also included a danger that Defendant would attempt to obstruct justice.[6]

Even if, however, danger is not an appropriate consideration, detention would still be warranted in this case.  Defendant's demonstrated lack of control over her drug problem, regardless of any danger to the community that her continued drug use would pose, provides a strong motive for flight.  Defendant

---

[6] As noted in the detention order, doc. 12:

4. Defendant assumed [her employer's] identity to obtain 14 plastic surgery treatments, the last ending in December, 2004.

5. Three days after Defendant was arrested, she called the office manager at the plastic surgeon's office and tried to schedule an appointment to come by and talk about "personal matters."  the only personal matter common to both would have been to keep this fraud from the police.

has shown that she will go to great lengths to continue using drugs.  Flight from these charges is therefore a high risk.

Defendant's risk of flight is even more serious given her ability and willingness to engage in frauds, which would enable Defendant to finance her flight.  The fraud, regardless of the danger to the community, greatly increases the risk of flight.

In addition to Defendant's own control issues concerning her addiction and frauds, other circumstances show a lack of stability that increases the risk of flight.  Defendant lost her job as a result of her arrest on January 7, 2005. Defendant's husband, having overstayed his visa, is not legally in this country. As noted by the magistrate judge, "[t]he risk of drug abuse pending trial is great for a person who is addicted to prescription medications, given the emotional trauma that is inevitable before trial."  Doc. 21 at p. 2.  Defendant's unemployment and her husband's visa situation are sources of additional stress. The circumstances, furthermore, reduce Defendant's ties to the community and provide additional motive to flee instead of staying to face the charges.

Defendant has a poor track record for compliance.  She continued to violate the law after her arrest on state charges.  She attempted to contact a potential witness to conceal some of her fraud.  Defendant's conduct demonstrates that she is out of control.  Given Defendant's drug problem and her ability and willingness to manipulate others, there are no conditions of release

that would reasonably assure her appearance as required.

**CONCLUSION**

A detention hearing was warranted in this case based on Defendant's serious risk of flight and serious risk of obstruction of justice, pursuant to section 3142(f)(2).  In determining that no conditions of release could be fashioned, the magistrate judge properly considered all of the factors set forth in section 3142(g), including the danger to the community that would be posed by Defendant's release.  Even if, however, dangerousness is not an appropriate consideration, detention is warranted because no conditions would reasonably assure Defendant's appearance as required.  Accordingly, it is

ORDERED AND ADJUDGED that the Motion for Revocation of Detention Order (doc. 13) is denied.

DONE AND ORDERED this 10th day of May, 2005.

_s/ Stephan P. Mickle_

Stephan P. Mickle
United States District Judge

CASE NO.: 4:05cr15-SPM